1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT PETERSON,

                    Plaintiff,

        v.

MICHAEL CULLEN, et al.,

                    Defendants.

CASE NO. C05-465JLR

MINUTE ORDER

        The following minute order is made by the direction of the court, the Honorable

James L. Robart:

        The court has received Plaintiff's motion in which he requests the court to allow

discovery, cancel the trial date, and to set a hearing on damages (Dkt. # 14).  Because

Defendants are in default, the court GRANTS Plaintiff's request to cancel the trial date

and VACATES its prior minute order setting trial and related dates as moot (Dkt. # 13).

        As to Plaintiff's motion to allow discovery, the court DENIES the motion as

unnecessary.  Plaintiff may conduct discovery as a matter of right under the federal rules;

however, the court cautions Plaintiff that he must treat the defaulting Defendants as non-

parties for purposes of discovery.  Blazek v. Capital Recovery Assocs., Inc., 222 F.R.D.

360, 361 (E.D. WI. 2004) (holding that non-party discovery rules applied to defaulting

defendant); LG Electronics, Inc. v. Advance Creative Computer Corp. et al., 212 F. Supp.

2d 1171, 1177 (N.D. Cal. 2002) (holding that unanswered requests for admission served

on defaulting defendant was insufficient to serve as evidentiary basis for award of

MINUTE ORDER – 1

1  damages).  Thus, for example, in order to obtain documents from a non-party, a party

2  would need to obtain a subpoena from the court within the district in which the

3  production is to be made.  Fed. R. Civ. P. 34(c) (citing Fed. R. Civ. P. 45).

4         Lastly, Plaintiff's motion for a hearing on damages is DENIED as premature.

5  Such a request (if any) is appropriate at the time in which a party files for a default

6  judgment pursuant to Fed. R. Civ. P. 55(b)(2).  At that time, the court determines whether

7  a hearing is necessary or whether a determination can be made on the basis of affidavits.

8  Id.; see also Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981).

9         Filed and entered this 12th day of December, 2005.

10

11                                                    BRUCE RIFKIN, Clerk

12                                                           s/Mary Duett
                                              By
13                                                         Deputy Clerk

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MINUTE ORDER – 2